IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| M.A.R. DESIGNS & CONSTRUCTION, INC. | § § § | CASE NO. 23-70001-M<br>CHAPTER 11 |
| DEBTORS | § § | |

### COMACK INVESTMENTS, LLC'S EXPEDITED MOTION TO DISMISS WITH PREJUDICE OR CONVERT
**(Refers to ECF #_____)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**EXPEDITED RELIEF IS REQUESTED BY <u>JULY 31, 2023</u>.**

TO THE HONORABLE JUDGE OF THE U.S. BANKRUTPCY COURT:

      COMES NOW, COMACK INVESTMENTS, LLC, Secured Creditor, and files this its Motion to Dismiss or Convert and would show:

### FACTS

1.      On January 1, 2023, the Debtor filed its Subchapter V chapter 11 petition for relief under the Bankruptcy Code.

2.      On May 8, 2023, Comack filed its proof of claim [Claim No. 28-1]. Comack's claim is in the amount of $360,689.34. The claim is secured by liens against some of the Debtor's real property. The claim was supported by the loan documents and Comack's accounting of the credits applied to the debt.

3.      Between late 2017 and early 2019, Comack advanced $969,500.00 to M.A.R. Designs & Construction, Inc. ("Debtor") across six different notes executed by Debtor's president, Mario Alberto Rodriguez ("Rodriguez"). The notes were secured by deeds of trust through which Debtor pledged real property as collateral.

4.      In early 2020, Comack discovered that Debtor jeopardized the pledged collateral by transferring multiple properties to third parties through the use of forged signatures on lien releases executed by Rodriguez and by selling and conveying the properties without notifying Comack or tendering funds to Comack to obtain releases. Rodriguez has pled guilty to criminal forgery involving several of these conveyances including:

> CR21-1004; State of Texas v. Mario Alberto Rodriguez, 415 District Court,
> Case 23-70001 Document 168 Filed in TXSB on 04/18/23 Page 2 of 4
> Parker County, Texas;
>
> CR21-1005, State of Texas v. Mario Alberto Rodriguez, 415th District Court, Parker County, Texas;
>
> CR21-1006, State of Texas v. Mario Alberto Rodriguez, 415th District Court, Parker County, Texas; and
>
> CR21-1007, State of Texas v. Mario Alberto Rodriguez, 415th District Court, Parker County, Texas.

5.      Upon discovering the theft of the collateral by Debtor and confronting Rodriguez, Comack and Debtor reached an agreement that resulted in the execution of a new note by Debtor in favor of Comack (the "New Note") in the amount of $1,285,000.00, secured by liens against some of Debtor's additional properties as

evidenced by a Deed of Trust of even date. The New Note included the amount the Debtor fraudulently accepted from the properties previously stolen from Comack. Thus, the full principal amount of the note was not distributed in cash. Approximately $287,000.00 was distributed in cash and the remainder was structured to account for the real property that debtor stole from Comack. Debtor acknowledged that only $287,000.00 was to be disbursed to Debtor as part of the transaction, as recognized in the HUD statement executed by Debtor's representative (Rodriguez) at closing, as well as Mario Rodirguez's sworn testimony across various hearings in Texas State District Courts.

6. Throughout the term of the New Note, Comack again discovered unauthorized transfers and conveyances of properties that were pledged by Debtor as collateral for the New Note, including an instance wherein Debtor conjured up a fake email address purporting to be that of one of Comack's agents. Debtor used the fake email account to correspond with a third-party title company, pretending to be Comack's agent in a successful attempt to convey properties that were subject to the New Note without paying for a release of those properties, thereby defrauding Comack and the title company. As a result of these unauthorized transfers, as well as Debtor's failure to pay on the New Note, Comack accelerated the debt and posted for foreclosure of the properties secured by the New Note. In the meantime, Comack has been successful in collecting against the previously stolen properties and has credited those collections against the balance of the New Note.

7. In an effort to halt the foreclosure process, Debtor filed suit against Comack in April of 2021 in the 93rd District Court in Hidalgo County, Texas under cause No. C-1263-21-B and obtained injunctive relief to stop the foreclosure of the New Note. The 93rd District Court has since dissolved the injunction obtained by Debtor in that case and

ordered that Comack is permitted to foreclose its interest in the properties that are the subject of the New Note. However, it has since been discovered that an additional three lots secured by the New Note have also been transferred, without payment, to a third-party associated with one of Debtor's attorneys.

8. On the eve of foreclosure, Debtor filed this bankruptcy case, staying Comack's foreclosure efforts.

## BASIS FOR DISMISSAL

9. Code Section 1191, which governs confirmation of Sub-Chapter V plans, incorporates the requirements of Code Section 1129(a) (except for sub-section 15). Among the incorporated Section 1129(a) requirements is subsection 1129(a)(3), which requires the Court to find that the Plan has been proposed in good faith and not by any means forbidden by law.

10. A proposed plan that is intended to solely benefit insiders is proposed in bad faith. *In re Davis Heritage GP Holding, LLC,* 443 B.R. 448, 461 (Bankr. N.D. Fla, 2011). "While the Bankruptcy Code does not define the term, courts have interpreted 'good faith' as requiring that there is a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Code." *In re McCormick,* 49 F.3d 1524, 1526 (11th Cir. 1995). "Those purposes include preserving jobs in the community, allowing the business to continue to operate instead of liquidation, and achieving a consensual resolution between debtors and creditors." *In re Seaside Eng.g & Surveying,* 780 F. 3d 1070, 1082 (11th Cir. 1986); *see also, In re United Marine, Inc.,* 197 B.R. 942, 947 (Bankr. S.D. Fla. 1996). Bad faith exists if there is no realistic possibility of reorganization and the debtor seeks merely to delay or frustrate efforts of secured creditors." *In re Seaside Eng.g & Surveying,* 780 F. 3d 1070, 1082 (11th Cir.

1986); *see also, In re United Marine, Inc.,* 197 B.R. 942, 947 (Bankr. S.D. Fla. 1996); *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984).

11. As the above referenced facts show, the Debtor has acted in bad faith towards Comack. The Debtor's filing of this case was also done without good faith with the goal of avoiding the consequences of its fraud on creditors. Debtor has proposed a plan that would allow it to sell off Comack's collateral without paying any proceeds to Comack until some unknown time when all state court litigation terminates. Meanwhile, the plan allows Debtor to use the sales proceeds to fund its operations and litigation. If the proposed plan were to be confirmed the Debtor would get away with doing exactly what he did prior to bankruptcy—selling collateral and not paying the proceeds to secured creditors. Indeed, the only beneficiaries to the plan are insiders.

12. As described in Sierra Title's Objection to Confirmation of the Third Amended Plan filed on July 10, 2023, the plan was proposed in bad faith because:

a. The plan has no possibility of reorganization but instead is a plan of liquidation;

b. The plan benefits insiders in that it provides for interest free loans to Debtor and an affiliated entity;

c. There are a significant number of creditors alleging various forms of fraud and deceit;

d. The Debtor's principal has pleaded guilty to felonies involving dishonesty;

e. The Debtor is insisting that it should retain an interest in a corporation that is purportedly being liquidated.

13. Based on the above, Comack requests the Court dismiss this case with prejudice as being filed in bad faith.

**BASIS FOR CONVERSION**

14. As an alternative to dismissal, Comack requests that the case be converted to Chapter 7.

15. Comack joins the United States Trustee's Motion to Convert [ECF #280] and incorporates herein the arguments presented in said motion.

16. Debtor has not proposed a plan of reorganization but instead has proposed a plan of liquidation. The case should be converted to a Chapter 7. Given the Debtor's owner's criminal conduct perpetuated on the Creditors and the widespread distrust of Mario Rodriguez, any property sales should only be conducted by the Chapter 7 Trustee.

**BASIS FOR EXPEDITED CONSIDERATION**

17. Hearings on plan confirmation and the motion to convert are set for July 31, 2023, 9:00 a.m. Comack would be prejudiced if the motion to dismiss is not heard on the same date. The issues being presented on July 31st involve the same facts being argued in this motion.

**PRAYER**

WHEREFORE, COMACK, INC., prays that the court dismiss this case or, in the alternative, convert the case to a Chapter 7.

Respectfully submitted,

 /s/ *Rudy Salinas, Jr.*
RUDY SALINAS, JR.
State Bar Number: 24027948
GREG KERR
State Bar Number: 24078781
P.O. Box 1247
Weslaco, Texas 78599-1247
Telephone: (956) 968-5402
Telecopier: (956) 969-9402
*Attorneys for Comack Investments, L.P.*

## **CERTIFICATE OF SERVICE**

I, **RUDY SALINAS, JR.**, hereby certify that a true and correct copy of the foregoing **COMACK INVESTMENTS, LLC'S EXPEDITED MOTION TO DISMISS WITH PREJUDICE OR CONVERT** has been served by first class U.S. mail upon the following parties in interest on the 31st day of July, 2023.

Debtor's Attorney:
Antonio Martinez, Jr
515 W. Nolana
Suite B
McAllen, TX 78504

Trustee:
Andrew Jimenez
Chapter 11 Trustee
606 N Carancahua
Ste 1107
Corpus Christi, Texas 78401

Debtors
M.A.R. Designs and Construction, Inc.
3701 E. Lincoln Ave
Mission, Texas 78573

                                                      */s/ Rudy Salinas, Jr.*
                                                      RUDY SALINAS, JR.