**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE, REGION 7**
**AUBREY L. THOMAS**
**ASSISTANT UNITED STATES TRUSTEE**
**ANDREW JIMÉNEZ**
**TRIAL ATTORNEY**
615 E. Houston Street, Suite 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649
Email: Andrew.Jimenez@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-70001 |
| M.A.R. DESIGNS & CONSTRUCTION, INC. | § | |
| | § | CHAPTER 11 |
| | § | |

**BRIEF OF THE UNITED STATES TRUSTEE**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through the undersigned counsel, files this Brief, and represents as follows:

### I.  Preliminary Statement

1. On June 15, 2023, the Court ordered the U.S. Trustee and M.A.R. Designs & Construction, Inc. (the "Debtor") (together referred to as the "Parties") to file briefs on the following questions: (i) Can the Debtor remove itself as debtor in possession under 11 U.S.C. § 1185 in the plan or by motion? If by motion, who can file such motion? (ii) Can the Subchapter V Trustee act as the disbursing agent under 11 U.S.C. § 1191(b) and act as liquidating trustee at the same time? *See* Docket No. 281.

2.      As discussed in detail below, applicable law dictates that the appropriate procedural mechanism to request the removal of a debtor as debtor in possession is a motion, not a subchapter V plan. Such motion could be filed by "a party in interest," which includes the Debtor. Finally, the Bankruptcy Code vests the Subchapter V Trustee with limited duties and rights that cannot be expanded in the plan proposed by the Debtor. The role of the Subchapter V Trustee in this case prevents him to simultaneously function as a liquidating trustee because both functions are incompatible.

## II.     Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

3.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

4.      This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

5.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

6.      The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

## III.    Factual Background

7. On January 1, 2023, the Debtor filed a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code. *See,* Docket No. 1.

8. On January 25, 2023, the Debtor filed an Amended Voluntary Petition to elect to proceed under Subchapter V of chapter 11 of the Bankruptcy Code. *See,* Docket No. 27.

9. On January 31. 2023, the U.S. Trustee appointed Brendon Singh as the Subchapter V Trustee of the case. *See* Docket No. 32

10. On June 29, 2023, the Debtor filed its Fourth Amended Subchapter V Plan (the "Plan"). *See* Docket No. 300. The Plan proposes the removal of the Debtor as debtor in possession, the liquidation of Debtor's assets through a liquidating trust, and the appointment of the Subchapter V Trustee, Brendon Singh, as the liquidating trustee.

### IV.   Argument

**A. Can the Debtor remove itself as debtor in possession under 11 U.S.C. § 1185 in the plan or by motion? If by motion, who can file such motion?**

11. The removal of a debtor as debtor in possession in a Subchapter V case is governed by section 1185 of the Bankruptcy Code, which provides as follows:

> "(a) IN GENERAL.— On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter.
>
> (b) REINSTATEMENT.— On request of a party in interest, and after notice and a hearing, the court may reinstate the debtor in possession."

11 U.S.C. § 1185.

12. Removal of a debtor as debtor in possession may only be "for cause". *See* 11 U.S.C. § 1185(a). Section 1185(a) contains a non-exclusive list of potential causes for removal of the debtor as debtor in possession which include "fraud, dishonesty, incompetence, or gross

3

management of the affairs of the debtor, either before or after the commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed…" Thus, the party in interest requesting the removal of the debtor as debtor in possession has the burden of showing cause.

13. Moreover, the Bankruptcy Code defines the contents of the plan. *See* 11 U.S.C. §§ 1190 & 1123. The removal of the debtor as debtor in possession is not listed under section 1123 or 1190 of the Bankruptcy Code as permissible or mandatory content for a Subchapter V plan. Also, plan confirmation has different burdens and requirements than a motion to remove a debtor as debtor in possession under section 1185. *See* 11 U.S.C. §§ 1191 & 1129. Thus, conflating the burden for a motion to remove a debtor as debtor in possession under section 1185 with the requirements to confirm a Subchapter V plan creates unnecessary confusion.

14. The removal of a debtor as debtor in possession is an extraordinary measure with important consequences on the administration of the estate, and triggers additional duties for the Subchapter V Trustee to operate the business of the debtor. *See* 11 U.S.C. § 1183(a)(5) (defining the Subchapter V Trustee's duties after the debtor ceases to be a debtor in possession). For this reason, it is important to have a clear demarcation line of when the debtor ceases to be a debtor in possession, and the Subchapter V Trustee takes control of the business of the debtor. An order granting a motion under 11 U.S.C. § 1185 to remove the debtor as debtor in possession provides a clear demarcation of when the Debtor ceases to be a debtor in possession.

15. In this case, the plan provision to remove the Debtor as debtor in possession does not specify when the Debtor will be removed. *See* Docket No. 300, p. 13. Moreover, the Plan proposed by the Debtor does not provide any justification for the removal of the Debtor as debtor

in possession.[1] In this way, the Debtor is circumventing its burden to show cause for its removal under section 1185.

16. The removal of the Debtor as debtor in possession proposed in the Plan is superfluous because the Plan proposes the creation of liquidating trust, the transfer of all property of the estate to such trust, and the appointment of the Subchapter V Trustee as the Liquidating Trustee. Thus, the Subchapter V Trustee will never get to exercise his duties under 11 U.S.C. § 1183(b)(5) and operate the business of the Debtor because the Plan proposes the liquidation of Debtor's assets.

17. If the Debtor wants to remove itself as debtor in possession, it should file a motion under 11 U.S.C. § 1185. The Debtor is a "a party in interest" with standing to file such motion. Section 1185(a) provides that "a party in interest" may request the removal of a debtor in possession. In turn, section 1109(b) of the Bankruptcy Code provides a list of examples of parties in interest, "including the debtor, trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee," that may raise and appear to be heard on any issue in a case under chapter 11. "The universe of entities that can be a 'party in interest' is not restricted solely to these seven enumerated entities." *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 416 (Bankr. S.D. Tex. 2009); 11 U.S.C. § 102(3) (defining "including" and "includes" as "not limiting" as used under the Bankruptcy Code).

---

[1] The Plan provision to remove the Debtor does not provide the appropriate legal basis the remove itself as debtor in possession. The Plan states: "Under 1186(b) Debtor agrees to remove himself through the Plan as permitted." *See* Docket No. 300, p. 13. Section 1186(b) governs the possession by the debtor of all property of the estate, and the exception when the debtor is removed as debtor in possession. The only legal authority to remove a debtor as debtor in possession in a Subchapter V case is 11 U.S.C. § 1185, which the Debtor does not even cite in the Plan.

18. The appropriate procedural mechanism to request the removal of a Subchapter V debtor as debtor in possession is through a motion under section 1185. A party in interest —which includes the Debtor — may file such a motion. For this reason, the Debtor should file a motion under 11 U.S.C. § 1185 and be held to its burden of proof to demonstrate "cause" for its removal as debtor in possession, if the Debtor chooses to seek that remedy.

**B. Can the Subchapter V Trustee act as disbursing agent under section 1191(b) of the Bankruptcy Code and act as liquidating trustee at the same time?**

19. If the Plan is confirmed under section 1191(b), the Subchapter V Trustee is required to collect the plan payments and distribute them to creditors, unless otherwise provided in the plan or confirmation order. *See* 11 U.S.C. § 1194(b).[2] Importantly, the Subchapter V Trustee will remain in place for the life of the plan, regardless of whether the trustee, the debtor, or a liquidating trust — as proposed in this case — makes the plan payments.

20. A plan provision cannot mandate the Subchapter V Trustee to take certain actions that are outside the scope of his role as delineated by Congress. For example, the duties of the Subchapter V Trustee are detailed in section 1183 of the Bankruptcy Code. Congress did not give a Subchapter V Trustee the power to liquidate property of the estate. *See* 11 U.S.C. § 1183(b)(1) & (5) (Congress defined certain duties that a Subchapter V Trustee shall perform by referencing certain subsections of 11 U.S.C. § 704(a) but omitted from the list of duties the authority under 11 U.S.C. § 704(a)(1) to "collect and reduce to money property of the estate."). The Bankruptcy Code also provides that section 1106 does not apply in subchapter V cases. 11 U.S.C. § 1181(a).

---

[2] In contrast, when a plan is confirmed on a consensual basis under 11 U.S.C. § 1191(a) the services of the Subchapter V Trustee are terminated when the plan has been substantially consummated. *See* 11 U.S.C. § 1183(c).

21. In this way, a Subchapter V Trustee is more like a Chapter 13 Trustee in that the Subchapter V Trustee has authority to administer payments under the confirmed plan but not the authority to liquidate the assets of the estate. *See, In re Kinsler*, 24 B.R. 962, 967 (Bankr. N.D. Ga. 1982) (holding that a Chapter 13 Trustee cannot liquidate assets by applying 11 U.S.C. § 1302(b)(1) which excludes 11 U.S.C. § 704(a)(1) from the list of trustee's duties); *compare* 11 U.S.C. § 1183(b)(1), *with* 11 U.S.C. § 1302(b)(1).

22. The Plan provides for the creation of a liquidating trust and proposes to appoint the Subchapter V Trustee, Brendon Singh, as the liquidating trustee. The functions of the liquidating trustee, as proposed in the Plan, are incompatible with the statutory duties of a Subchapter V Trustee. The Subchapter V Trustee will not cease to be the trustee of the case simply because the Debtor decided to appoint him liquidating trustee in the Plan.

23. The Plan proposes the Subchapter V Trustee will liquidate all property of the estate, and purports to give the liquidating trustee all the rights of a trustee appointed under 11 U.S.C. § 1106. However, the Bankruptcy Code specifically provides that a subchapter V trustee does not have authority to liquidate property of the estate, and that section 1106 does not apply in subchapter V cases. *See* 11 U.S.C. §§ 1181 and 1183. These Plan provisions are outside the scope of the role of the Subchapter V Trustee and do not comply with the Bankruptcy Code.

24. The remaining duties of the Subchapter V Trustee under a nonconsensual confirmed plan are incompatible with the duties of the liquidating trustee proposed in the Plan. The duties of the Subchapter V Trustee do not end with the confirmation of the plan under section 1191(b). The Subchapter V Trustee will continue to serve in this role post-confirmation and is required to comply with statutory duties like maintaining a bond in favor of the United States conditioned on the faithful performance of his official duties. *See* 11 U.S.C. § 322. Whereas the

post-confirmation liquidating trust proposed in the Plan does not require the liquidating trustee to serve with a bond. The bond of the Subchapter V Trustee only covers official statutory duties of the Trustee, not the duties of the liquidating trustee created in the Plan. Creditors should know they will not have this important protection and understand the potentially dire consequences of the Plan.

25. Also, the post-confirmation compensation of the Subchapter V trustee must be approved by the Court under 11 U.S.C. § 330. In contrast, the Plan does not disclose the proposed terms of compensation for the services of the liquidating trustee. Thus, by the terms of the Plan and the Trust Agreement, the fees for post-confirmation services of the liquidating trustee will not be subject to this Court's approval. Courts have interpreted that the reorganized debtor is a new entity not subject to the jurisdiction of the bankruptcy court, and therefore the approval of fees for post-confirmation services is not required. *See In re* Simplot, 2007 WL 2479664, *22 (Bankr. D. Idaho 2007).

26. The correct path to liquidate the assets of the Debtor is to convert to chapter 7. Conversion to chapter 7 achieves the same benefit to creditors and avoids the legal conflicts of mandating the Subchapter V Trustee to expand his role in contravention to the limitations set out in the Bankruptcy Code.

### V.     Conclusion

27. For the reasons stated in this Brief, the U.S. Trustee requests this Honorable Court to not authorize the removal of the Debtor as the debtor in possession through the Plan. The Debtor should be required to file a motion under 11 U.S.C. § 1185 and be held to its burden of proof to demonstrate "cause" for its removal as debtor in possession. Finally, the Subchapter V Trustee cannot serve as the liquidating trustee proposed in the Plan because doing so would improperly

expand his duties and rights in clear violation to the role statutorily mandated under the Bankruptcy Code.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to find the U.S. Trustee has complied with the Court's Order, and to consider the U.S. Trustee's position when evaluating the confirmation of the Plan proposed by the Debtor.

Dated: July 13, 2023

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ Andrew Jiménez
Andrew Jiménez
U.S. Department of Justice
United States Trustee Program
District of Columbia Bar 991907
Email: Andrew.Jimenez@usdoj.gov
615 E. Houston Street, Suite 533
San Antonio, TX 78205
(210) 472-4640
(210) 472-4649 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF OF THE UNITED STATES TRUSTEE was served upon all parties entitled to receive notice by CM/ECF on July 13, 2023.

/s/ Andrew Jiménez
Andrew Jiménez