IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-70001-M-11 |
| | ) | |
| M.A.R. DESIGNS & CONSTRUCTION, INC. | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | Subchapter V |

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

Comes now Debtor M.A.R. Designs & Construction, Inc. and files its brief as ordered by the Court on June 15, 2023 on two (2) issues and shows the Court:

Issue 1: Under 1185, may Debtor remove himself in plan or by motion? If by motion, by Debtor or someone else?

1. Section 1185 of the Bankruptcy Code provides in relevant part:

On *request of a party in interest*, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter.

*In re Dean* No. 20-20427 (Bankr. Me. 2021 October 29, 2021).

2. In addition to the causes provided under § 1112(b)(4) and § 1185(a), bankruptcy courts have frequently identified other factors that support a finding of cause, including where "the debtor in possession has a conflict of interest in properly investigating and pursuing potential fraudulent transfers" and other claims of the estate. *In re Picacho Hills Utility Co., Inc.*, 518 B.R. 75, 82 (Bankr. D.N.M. 2014).

3. To resolve a question of statutory construction, one begins "where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters.*,

*Inc.*, 489 U.S. 235, 241 (1989); *see also Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts-at least where the disposition required by the texts is not absurd-is to enforce it according to its terms." (*quoting Hartford Underwriters Ins. Co. v. Union Planters Bank., N.A.*, 530 U.S. 1, 6 (2000)). A statute is construed to give effect "to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).

4. If the language is ambiguous, we "may look to other sources to determine congressional intent, such as the canons of construction or the statute's legislative history." *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (*citing Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)). Statutory language is ambiguous only if it "gives rise to more than one reasonable interpretation." *Woods v. Carey*, 722 F.3d 1177, 1181 (9th Cir. 2013) (quoting *DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 219 F.3d 930, 939 (9th Cir. 2000)); *see also United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

5. Courts may *sua sponte* issue an order expanding the Subchapter V Trustee's duties under section 1183(b)(2), even though the subsection contains the phrase "on request of a party in interest." *In re Corinthian Communications, Inc*. 642 B.R. 224 (Bankr. S.D.N.Y. 2022) (citing *In re Pittner* , 638 B.R. 255, 259 (Bankr. D. Mass. 2022)). ("Though [ section 1185(a) ] begins 'on request of a party in interest,' § 105(a) of the Bankruptcy Code makes clear that the Court may raise the issue *sua sponte* ."); *see also In re Ozcelebi*, 639 B.R. 365, 425 (Bankr. S.D.

Tex. 2022) ) (issuing an order providing that the court would *sua sponte* consider whether the debtor should be removed under section 1185(a)).

6. A subchapter V trustee may also request that a debtor be removed from possession pursuant to section 1185(a) through an objection to the Debtor's Plan. *In re Young,* No. 20-11844 at *11 (Bankr. N.M. March 26, 2021). See also *Id.*, Chapter 11 Subchapter V Trustee's Amended Objection to Confirmation of Debtor's Plan of Reorganization Dated December 21, 2020, E.C.F. 150.

7. Debtor is a party in interest. 11 U.S.C. 1109(b). The statutory language of section 1185 permits the debtor to *request* his removal. The statutory language is unambiguous in that it does not give rise to more than one reasonable interpretation. The Debtor has *requested* through his plan to be removed under authority of the statutory language describing who can request and the means. Clearly the unambiguous statute language only requires a *request*.

8. The Debtor has requested to be removed as debtor in possession so that the subchapter V trustee can be appointed to operate and sell his real property and to take on any other duties and responsibilities as operating trustee.

> ISSUE 2.  Can Subchapter V Trustee act as disbursing agent under 1191(b) and act as liquidating trustee, essentially two persons acting as fiduciaries?

9. The Small Business Reorganization Act of 2019 ("SBRA") added subchapter V to chapter 11 of the Bankruptcy Code, which provides a new avenue for small business debtors to reorganize outside of the more costly traditional chapter 11 framework. *In re 218 Jackson LLC*, 631 B.R. 937, 946 (Bankr. M.D. Fla. 2021). While subchapter V includes some provisions that exist elsewhere in the Bankruptcy Code, it is unique in many ways. *Id.* For example, while subchapter V encourages the confirmation of a consensual plan, it permits a debtor to confirm a

nonconsensual plan. Additionally, subchapter V also introduces a new player—the subchapter V trustee. *Id.* at 946-47.

10. A subchapter V trustee plays a different role from other trustees even though many duties are similar. *Id.* at 947. Trustees in chapters 7, 11, 12, 13 and subchapter V all have the duties of accounting for all property received, examining proofs of claim (if a purpose would be served), furnishing information about the estate if requested by a party in interest, and making a final report and a final accounting on the administration of the estate. 11 U.S.C. §§704(a)(2), (5),(7), and (9); 1106(a)(1); 1183(b); 1202(b)(1); 1302(b)(1).

11. Subchapter V trustees like chapter 12 and chapter 13 trustees are further required to appear and be heard at any hearing concerning the value of property subject to a lien, confirmation of a plan, and modification of a plan. 11 U.S.C. §§ 1183(b)(3); 1202(b)(3); 1302(b)(2). Similarly, subchapter V trustees and chapter 12 trustees must also appear and be heard at any hearing that concerns the sale of property of the estate. 11 U.S.C. §§ 1183(b)(3)(D); 1202(b)(3)(D).

12. Yet, a subchapter V trustee is the only trustee directed to "facilitate the development of a consensual plan of reorganization." 11 U.S.C. § 1183(b)(7). This duty is assigned to no other trustee in bankruptcy. This distinction is significant because traditionally, trustees tend to be adversarial to the debtor as a result of their duties in protecting the estate and creditors.

13. Chapter 7 and appointed Chapter 11 trustees take possession of the estate's property and dispose of or administer those assets in order to pay creditors in a chapter 7 case or in the case of a chapter 11, for the purpose of liquidation, sale, *or less frequently*, a reorganization. This role typically puts a trustee in conflict with the debtor and sometimes

creditors. A chapter 13 trustee similarly gathers assets, in the form of plan payments in order to distribute to creditors. A subchapter V trustee, however, doesn't take possession of estate property unless the debtor is removed and in that event, the subchapter V trustee is provided with expanded powers. 11 U.S.C. § 1183(a)(5).

14. Section 1185 permits a court to remove the debtor from possession on a showing of cause, in which case (under § 1183(b)(5)) the subchapter V trustee is empowered to operate the debtor's business. *In re ComedyMX, LLC*, No. 22-11181 at *7, (Bankr. Del. December 16, 2022). The removal of the Debtor from possession under § 1185(a) automatically results in an increase in the powers and duties of the subchapter V Trustee under § 1183(b)(5). *In re Pittner*, 638 B.R. 255, 260 (Bankr. Mass. 2022); *In re ComedyMX, LLC*, No. 22-11181 at *2 (Bankr. Del. December 16, 2022). When a debtor is removed from possession, the Subchapter V Trustee's duties are expanded under section 1183(b)(5) of the Bankruptcy Code. *See In re Corinthian Communications, Inc.*, 642 B.R. 224, 227 (Bankr. S.D.N.Y. 2022). Section 1183(b)(5)(B) states that the Trustee shall operate the business of the Debtor.

15. Subchapter V also provides a specific means to fill the void when a debtor is dispossessed. Section 1183(b)(5) states that the subchapter V trustee shall, "if the debtor ceases to be a debtor in possession … be authorized to operate the business of the debtor." *In re ComedyMX, LLC,* No. 22-11181 at *13 (Bankr. Del. December 16, 2022).

16. Significantly, however, these duties do not include the authority to file a plan, which authority is given only to the debtor. § 11 U.S.C. 1189(a). Accordingly, with the subchapter V trustee managing the debtors' business affairs and "facilitat[ing] the development of a consensual plan of reorganization," § 11 U.S.C. 1183(b)(7), the debtor will retain the right to file a plan. *ComedyMX, LLC*, No. 22-11181 at *14.

17. Courts may seek to exhaust less drastic measures such as removing a debtor from possession before they considers more drastic measures. *In re ComedyMX, LLC*, No. 22-11181 at *13-14, (Bankr. Del. December 16, 2022).

18. When the court confirms a cramdown plan, new § 1194(b) provides for the subchapter V trustee to make payments to creditors under the plan unless the plan or the order confirming it provides otherwise. 11 U.S.C. 1194(b).

19. When considering objections to plan confirmation and/or requests to remove a Debtor from possession and considering the totality of the circumstances, the Court may conclude that keeping the case in chapter 11 and removing Debtor from possession would serve the interests of the creditors better.   In that scenario, after the Debtor is removed from possession the subchapter V trustee is the natural choice for appointment as a liquidating trustee since "the current trustee is quite familiar with the case and that if he is able to liquidate the estate efficiently and distribute money to creditors, his fee may be lower than a chapter 7 trustee's fee." See *In re Young,* No. 20-11844 at *11-12. Courts do appoint operating trustees to operate the Debtor's business which may require liquidating real property. *In re Pittner*, 638 B.R. 255, 259-260 (Bankr. D. Mass. 2022) (removing a debtor in possession due to its refusal to sell real property and appointing the subchapter V trustee as operating trustee to perform that function).

## CONCLUSION

20. While there is a strong presumption in favor of allowing a chapter 11 debtor-in-possession to remain in possession, here the Debtor is *requesting* to be removed as Debtor in possession through terms in his plan of liquidation pursuant to the unambiguous statutory text of section 1185. In addition, there is authority for the proposition that once appointed as an

operating trustee he or she may, as part of operating the business of the Debtor, take possession and sell the Debtor's real property.  If the Operating Trustee can serve as a Liquidating Trustee without a Liquidating Trust as in *In re Pittner,* the operating trustee can serve as a Liquidating Trustee with a Liquidating Trust.

July 13, 2023.

Respectfully submitted,

Law Office of Antonio Martinez, Jr., P.C.

/s/ Antonio Martinez, Jr.
Antonio Martinez, Jr., Attorney for Debtor
Bar No.: 24007607
515 Nolana St., Suite B
McAllen, Texas 78504
Phone: (956) 683-1090
E-Mail:  martinez.tony.jr@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was forwarded to the *following* persons, as well as those persons required to receive notice of the relief requested and/or who have requested to be served by any applicable Bankruptcy Rule, by first class mail, postage prepaid, and/or electronic transmission on June 13, 2023

Aubrey Thomas
Office of the US Trustee
615 E. Houston St.
Suite 533
San Antonio, TX 78205

aubrey.thomas@usdoj.gov,
USTPRegion07.CC.ECF@USDOJ.GOV

Andrew Jimenez
US Department of Justice
606 N. Carancahua, Suite 1107
Corpus Christi, Texas  78401-0680

andrew.jimenez@usdoj.gov

Subchapter V Trustee
Brendon D. Singh, Esq.

**Tran Singh LLP**
2502 La Branch Street
Houston, Texas 77004                             bsingh@ts-llp.com

Debtor M.A.R. Designs & Construction, Inc.
3701 E. Lincoln Ave.
Alton, Texas 78573

Hidalgo County
c/o Diane Wade Sanders, Esq.
Linebarger Goggan Blair & Sampson, LLP
PO Box 17428
AUSTIN, TX 78760-7428                            austin.bankruptcy@publicans.com

Hilario Villasenor
7205 North Seminary Rd
Edinburg, Texas 78541                            lacuchilla00@yahoo.com

Comack Investments, LP
c/o Rudy Salinas, Esq. and
      Gregory Kerr, Esq.
P.O. Box 1247
Weslaco, Texas 78599-1247                        rsalinas@jgkl.com, gkerr@jgkl.com

Comack Investments, L.P.
754 Silver Spur Dr.
Weatherford, TX 76087

International Bank of Commerce
c/o DYKEMA GOSSETT PLLC
Attention: Diann M. Bartek, Esq.
1400 N. McColl Road, Suite 204
 McAllen, Texas 78501
(956) 984-7400 (Telephone)
(956) 984-7499 (Facsimile)                       dbartek@dykema.com

Audie Ray Real Estate
c/o Gregorio Trevino, Esq.
300 E. Expressway 83, Ste I
Pharr, Texas 78577                               gtrevlaw@sbcglobal.net

International Bank of Commerce
One South Broadway
McAllen, TX 78503

Zarsky Lumber
c/o Kevin M Maraist, Esq.
1001 Thirst St., Ste 1
Corpus Christi, TX 78404                               kmaraist@albmlaw,com

Texas Workforce Commission
Office of the Attorney General
P.O. Box 12548, MC-008
Austin, Texas 78711                                    bankruptcytax@texasattorneygeneral.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346                           elizabeth.a.mason@irs.gov


The 20 largest unsecured creditors

ACT Pipe & Supply, Inc.
c/o Carl William Thompson, Esq.
10900 Brittmoore Park Drive, Suite L
Houston, Texas 77041                                   carl@thompsonconstructionlaw.com

Alejandro Moreno
c/o Antonio Villeda, Esq.
Villeda Law Group
6316 N. 10th Street, Bldg. B
McAllen, Texas 78504                                   avilleda@mybusinesslawyer.com

Sierra Title of Hidalgo County, Inc.
3409 N 10th Street
McAllen, TX 78501                                      jking@sierraceo.com

John King, Trustee
3409 N 10th Street
McAllen, TX 78501                                      jking@sierraceo.com

Royal Ready Mix
5361 N. Abrahams Rd
Mission, TX 78574

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346                           elizabeth.a.mason@irs.gov

M & T Capitol

P.O. Box 370  
Schertz, TX 78154

Stephen Sather, Esq.  
BARRON & NEWBURGER, P.C  
7320 N Mopac Expy #400  
Austin, TX 78731                              Ssather@bn-lawyers.com

Marcus Montalvo, Esq.  
Montalvo Law  
900 N. Main St.  
McAllen, Texas 78501                          mark@montalvolaw.net

Nicolas Cuevas  
Maria Cuevas  
Daniel Cuevas  
c/o Kenna Giffin, Esq.  
P.O. Box 3784  
McAllen, Texas 78502                          ksgattorney@gmail.com

Texas Workforce Commission  
Office of the Attorney General  
P.O. Box 12548, MC-008  
Austin, Texas 78711                           bankruptcytax@texasattorneygeneral.gov

Damian C. Orozco  
1138 E. Expy 83, Suite C  
Pharr, Texas 78577                            dorozco@orozco-law.com

Steve Turner  
BARRETT DAFFIN FRAPPIER  
TURNER & ENGEL LLP  
4004 Belt Line Road, Suite 100  
Addison, Texas 75001                          Stevet@bdfgroup.com

Hopkins Law PLLC  
3 Lake Centre Ct, Ste 110  
Austin, Texas 78734                           mark@hopkinslawtexas.com

Party of Notice

Penny Brown dba Penny Investments  
c/o Mr. Kurt Stephen. Esq.  
The Law Office of Kurt Stephen, PLLC  
100 South Bicentennial McAllen, Texas 78501   kurt@kstephenlaw.com

Penny Brown dba Penny Investments
3417 N 23rd St., St A
McAllen, Texas 78501

Andrew K. Rozell
323 E. Jackson
Harlingen, Texas 78550                                  akrlawharlingen@gmail.com

*/s/ Antonio Martinez, Jr.*
Antonio Martinez, Jr.