IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-70001-M-11 |
| | ) | |
| M.A.R. DESIGNS & CONSTRUCTION, INC. | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | (SUBCHAPTER V) |

## BRIEF

### SUMMARY OF ARGUMENTS

A debtor in possession in a subchapter v case may be removed by a motion, the plan or an Order confirming the plan filed by the debtor or any other party in interest. A subchapter V trustee who serves as a disbursing agent can also serve as a liquidating trustee because this is the practice in chapter 11 cases.

### FACTUAL BACKGROUND

M.A.R. Designs & Construction, Inc. (the "Debtor") filed a voluntary petition for relief on January 1, 2023 (the "Bankruptcy Case"), under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and elected to proceed under Subchapter V of the Bankruptcy Code. The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Mc Allen Division (the "Bankruptcy Court").

Pursuant to Bankruptcy Code 1107(a) and 1108, the Debtor is managing the estate as debtor in possession. Brendon Singh has been appointed Subchapter V Trustee (the "Subchapter V Trustee"). No other trustees or examiners have been appointed in this Bankruptcy Case.

The Debtor timely filed its Subchapter V plan (the "Plan") on April 3, 2023.

The Debtor's Plan provides that the debtor in possession will be removed under 1185 and the Subchapter V Trustee shall serve as liquidating trustee.

**ARGUMENT**

I. **Debtor in Possession in a Subchapter V Case may be Removed by a Motion, Plan or Order Confirming the Plan**

The Supreme Court has stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, *e. g., United States* v. *Ron Pair Enterprises, Inc.,* 489 U. S. 235, 241-242 (1989); *United States* v. *Goldenberg,* 168 U. S. 95, 102-103 (1897); *Oneale* v. *Thornton,* 6 Cranch 53, 68 (1810). When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Rubin* v. *United States,* 449 U. S. 424, 430 (1981); see also *Ron Pair Enterprises, supra,* at 241.

**Sua sponte** – Section 11 U.S.C. § 1185(a) of the Bankruptcy Code states:

(a)    In General—On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter. 11 U.S.C. § 1185(a)

The statute's language does not restrict the court's ability to remove the debtor in possession, the language only specifies those circumstances in which the debtor in possession may be removed. Thus, the statute authorizes the bankruptcy judge to remove the debtor in possession *sua sponte* when, after notice and a hearing, the judge finds that the debtor in possession should be removed for cause.

**On request –** The bankruptcy courts can issue orders on request of a party in interest by motions, applications or other filings. Under 11 U.S.C. § 1128, the court shall hold a hearing on confirmation of a plan. Further 11 U.S.C. § 1129 states that the court shall confirm a plan only if all of the following requirements are met. These two code sections show that the court could issue

an order confirming or denying the plan, after the plan is filed. This illustrates that the filing of a chapter 11 plan is one of the ways a party in interest may request that the court issue an order.

Additionally, the "on request" language of the statute is distinct from language in 11 U.S.C. § 1185 of the Bankruptcy Code as Congress intended to restrict the procedure on how to make requests to the court. For example, 11 U.S.C. § 707(a)(3) provides that:

> (a) The court may dismiss a case under this chapter **only after notice and a hearing** and only for cause, including— (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), **but only on a motion by the United States trustee.**

Here, the statute specifies that a dismissal under section 707(a)(3) must be brought by a motion. This language is vastly different and restricts the request to the court to be in the form of a motion.

Similarly, 11 U.S.C. § 1112(b)(3) states:

> The court shall commence the hearing on a **motion** under this subsection not later than 30 days after filing of the **motion**, and shall decide the **motion** not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

Again, the statute specifies that a dismissal under section 1112(b)(3) must be brought by motion. This is yet another example of when Congress intends to restrict the procedure on how to make requests to the court; Congress clearly knows how to do it.

**Party in interest** – Section 1109 of the Bankruptcy Code limits the right to object to settlements to "parties in interest." 11 U.S.C. § 1109. The section does not define "party in interest" but states that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter." Courts have long

recognized that this is not an exhaustive list—the term "party in interest" is to be broadly construed and determined on a case-by-case basis. *In re Johns-Manville Corp.*, 36 B.R. 743, 747–48 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985); *accord In re Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). However, courts have also generally limited standing to "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993). The Debtor's pecuniary interest is directly affected by the bankruptcy proceedings. Thus, the Debtor is a party in interest.

**Congressional Intent Is Clear –** Section 1186(b) further affirms that a debtor may be removed by section 1185, the plan or an order confirming the plan. Section 1186(b) states:

> Debtor Remaining in Possession.— Except as provided in **section 1185 of this title, a plan confirmed under this subchapter, or an order confirming a plan under this subchapter**, the debtor shall remain in possession of all property of the estate.

Here, the language of the statute clearly shows the three different places in which a debtor may be removed. Thus, the language of the statute is clear; this Court should find that the Debtor is able to be removed on the Debtor's own request within a plan or an order confirming the plan.

II. **A Subchapter V Trustee Can Serve as Both the Disbursing Agent and Liquidating Trustee in a Nonconsensual Plan**

In a nonconsensual plan under subchapter V, the trustee serves as the disbursing agent by making payments to creditors under the plan. 11 U.S.C. § 1191(b). The plan can include a liquidating trust that provides for the retention and enforcement by the liquidating trustee of any claim or interest. 11 U.S.C. § 1123(b)(3).

Courts have not directly addressed whether a disbursing agent can also serve as a liquidating trustee in a subchapter V case, but historically this has been approved in chapter 11 cases. *See In re Kassover*, No. 98-43124, 2007 WL 4276826, at *5 n.1 (Bankr. S.D. N.Y. Nov. 29,

2007) (noting that the chapter 11 trustee subsequently took on the role of trustee of the liquidating trust); *In re Mayflower Communities, Inc.*, No. 19-30283, 2019 WL 4732379, at *41 (Bankr. N.D. Tex. Sept. 26, 2019) (approving that all distributions under the plan be made by the liquidating trustee as a disbursing agent); *In re Waters Retail Tpa, LLC*, No. 20-30644-sigh-11, 2020 WL 6140483, at *14 (Bankr. N.D. Tex. Oct. 16, 2020) (confirming plan where disbursing agent has all the powers given to the liquidating trustee to make distributions). Here, the debtor filed a chapter 11 bankruptcy, and while electing to be a debtor under subchapter v, it is still a chapter 11 bankruptcy case.

Further, the statute contemplates that someone other than the subchapter V trustee may make payments under the plan. Section 1194(b) states: (b) Other Plans—If a plan is confirmed under section 1191(b) of this title, except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan. The statute clearly authorizes someone other than the subchapter V trustee to make payments if otherwise provided for in the plan or in the order confirming the plan. The Debtor in this case has provided for payments to be made by the liquidating trustee.

Thus, based on the language in the statute, the liquidating trustee has the ability to make the payments called for under the plan.

Dated: July 13, 2023

                                                  **TRAN SINGH LLP**

By:   */s/Brendon Singh*
        Brendon Singh | TBN: 24075646
        2502 La Branch Street
        Houston TX 77004
        Ph: (832) 975-7300
        Fax: (832) 975-7301
        BSingh@ts-llp.com
        **Subchapter V Trustee**